THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA HOUSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>MAUREEN JAFFE,<br><br>        Defendant. | CASE NO. C18-0977-JCC<br><br>ORDER |

This matter comes before the Court on the United States' motion to dismiss (Dkt. No. 11), Plaintiff's second motion to appoint counsel (Dkt. No. 19), her motion for leave to proceed *in forma pauperis* (Dkt. No. 20), and her motion to substitute the United States Attorney General's Office (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the United States' motion to dismiss (Dkt. No. 11) and DENIES Plaintiff's motions (Dkt. Nos. 19, 20, 21) for the following reasons.

**I.    BACKGROUND**

Plaintiff Tamara Houston is employed as a nurse manager at the Veteran Affairs ("VA") Medical Center in Seattle. (Dkt. No. 1-1 at 3.) On February 27, 2018, Ms. Houston was instructed by a superior to inform one of Ms. Houston's subordinate nurses, Defendant Maureen Jaffe, that she was being reassigned. (*Id*.) (Dkt. No. 18). Ms. Houston alleges that when she told

ORDER
C18-0977-JCC
PAGE - 1

Ms. Jaffe she was being reassigned, Ms. Jaffe became angry, yelled at Ms. Houston, and grabbed her with both arms. (Dkt. No. 1-1 at 3.) Based on this incident, Ms. Houston filed a small claim with the King County District Court, alleging Ms. Jaffe had physically assaulted her and caused her personal injury and mental damages. (*Id*. at 2.)

On July 2, 2018, the United States removed Ms. Houston's case to this Court. (Dkt. No. 1.) The Government certified that removal was proper because the United States was the real party in interest for Ms. Houston's tort claim. (*Id*. at 2) (citing 28 U.S.C. § 2679(d)(1))[1]. Pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States filed this motion to dismiss Ms. Houston's complaint for failure to exhaust her administrative remedies (Dkt. No. 11). Ms. Houston, proceeding *pro se*, has not responded directly to the Government's motion, but has made several filings: a second motion to appoint counsel (Dkt. No. 19), a motion to proceed *in forma pauperis* (Dkt. No. 20), and a motion to substitute the United States Attorney General's Office for Ms. Jaffe (Dkt. No. 21). Before the Court can rule on the Government's motion to dismiss, it must first determine whether the United States was properly substituted for Ms. Jaffe.

## II. DISCUSSION

### A. Substitution of United States as Defendant

The Federal Employees Liability Reform and Tort Compensation Act (the "Compensation Act") immunizes United States employees from liability for their "negligent or wrongful act[s] or omission[s] . . . while acting within the scope of [their] office or employment." 28 U.S.C. § 2679(b)(1); *see Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). When a civil action is brought against a federal employee, the Attorney General certifies whether the

---

[1] That provision states: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

employee was acting within the scope of his or her employment at the time of an event giving rise to the claim. 28 U.S.C. § 2679(d)(1). When the Attorney General makes such a certification, the Compensation Act "requires the substitution of the United States as the defendant, and, if the action was filed in state court, the removal of the action to federal court." *Green*, 8 F.3d at 695 (citing § 2679(d)(1), (2)).

The Attorney General's certification decision regarding the scope of employment issue is conclusive unless challenged. *Hall*, 8 F.3d at 698. A plaintiff challenging the certification decision must prove by a preponderance of the evidence that the federal employee involved in the civil action was not acting within the scope of her office or employment. *Id*. To resolve the scope of employment issue, district courts apply the *respondeat superior* principles of the state where the tort allegedly occurred. *Id*. at 698–99. Under Washington law, an employee's conduct is outside the scope of employment if it "is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Robel v. Roundup Corp.*, 59 P.3d 611, 621 (Wash. 2002) (citation and internal quotations omitted). The Washington State Supreme Court has stated that "[t]he proper inquiry is whether the employee was fulfilling his or her job functions at the time he or she engaged in the injurious conduct." *Id*.

The undisputed facts demonstrate that Ms. Jaffe was fulfilling her job functions at the time she allegedly assaulted Ms. Houston. Ms. Houston alleges that Ms. Jaffe wrongfully touched her after Ms. Houston informed Ms. Jaffe she was being reassigned. (Dkt. No. 1-1 at 3.) The incident happened at the VA hospital while both women were working. (*Id*.) Ms. Jaffe was Ms. Houston's subordinate, and in reassigning her, Ms. Houston was acting at the instruction of a superior. (*Id*.) The assault allegedly occurred during the conversation in which Ms. Houston informed Ms. Jaffe she was changing jobs. (*Id*.) Under Washington law, the Government correctly determined that Ms. Jaffe was acting within the scope of her employment. *Compare Robel* 59 P.3d at 621 (holding that grocery store workers acted within the scope of their employment when they verbally harassed a coworker while on the job), *with Kuehn v. White*, 600

P.2d 679, 683 (Wash. Ct. App. 1979) (holding that truck driver acted outside the scope of his employment during a road rage incident, in which he ran plaintiff's car off the road, got out of the company truck, and assaulted plaintiff with a metal pipe).

Ms. Houston has not provided a convincing argument to the contrary.[2] The Court concludes that Ms. Houston has not proved by a preponderance of the evidence that the Government's certification decision was made in error. Therefore, substitution of the United States as defendant and removal to this Court were both proper under the Compensation Act. *See* 28 U.S.C. § 2679(d)(1), (2). Ms. Houston's motion to substitute the United States Attorney's General Office as defendant (Dkt. No. 21) is DENIED.

### B. Government's Motion to Dismiss

Once the United States has been properly substituted under the Compensation Act, a plaintiff can only bring a claim against the government pursuant the Federal Tort Claim Act ("FTCA"), 28 U.S.C §§ 1346(b), 2674. 28 U.S.C. § 2679(d)(4). The FTCA allows individuals to bring tort claims against the United States in district court "provided that they first give the appropriate federal agency the opportunity to resolve the claim." 28 U.S.C. § 2675(a);[3] *see Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). District courts lack jurisdiction over FTCA claims when a plaintiff has failed to exhaust her administrative remedies with the relevant federal agency. *See Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992).

The United States asserts that the Court lacks subject matter jurisdiction over Ms.

---

[2] In her motion to substitute, Ms. Houston asks the Court to recuse the United States as Ms. Jaffe's attorney because the tort was "filed as a civil not federal matter." (Dkt. No. 21-2.) As the Court has explained, federal law requires that the United States be substituted based on the nature of Ms. Houston's claim. *See* 28 U.S.C. § 2679(d)(1). Ms. Houston has provided no argument that Ms. Jaffe acted outside the scope of her employment when the incident occurred.

[3] That provision states: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

Houston's claim because she never filed an administrative tort claim with the VA. (Dkt. No. 11 at 5.) The United States provided a declaration from the Deputy Chief Counsel of the VA, dated July 11, 2018, who stated that she reviewed the Department's administrative claims database and was unable to locate a claim filed by Ms. Houston.[4] (Dkt. No. 12 at 1–2.) The Chief Counsel further stated that if Ms. Houston had filed an administrative claim, the records would be available for her review. (*Id.* at 2.) Ms. Houston neither asserts, nor provides any evidence, that she filed an administrative claim with the VA based on the incident involving Ms. Jaffe. The Court finds that Ms. Houston has failed to exhaust her administrative remedies under the FTCA. *See* 28 U.S.C. § 2675(a). Therefore, the Court lacks subject matter jurisdiction over Ms. Houston's claims. See *Jerves*, 966 F.2d at 518.

## III. CONCLUSION

For the above reasons, Defendant's motion to dismiss (Dkt. No. 11) is GRANTED. Ms. Houston's claims are DISMISSED without prejudice and without leave to amend. Ms. Houston's motion to substitute the United States as defendant (Dkt. No. 21) is DENIED. Ms. Houston's motion to appoint counsel (Dkt. No. 19) and motion to proceed *in forma pauperis* (Dkt. No. 20) are DENIED as moot. If Ms. Houston wishes to pursue her claim, she must file an administrative tort claim with the VA. The Clerk is DIRECTED to mail a copy of this order to Ms. Houston.

DATED this 6th day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[4] It is appropriate for the Court to consider this declaration in resolving a motion to dismiss for lack of subject matter jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.")